97 N.J. Super. 534 (1967)
235 A.2d 498
RONNIE S. GOLDSTEIN, PLAINTIFF,
v.
RONALD G. GOLDSTEIN, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided November 9, 1967.
Mr. Adrian I. Karp for plaintiff (Messrs. Van Riper and Belmont, attorneys).
Mr. Kalman Friedman for defendant (Messrs. Friedman and D'Alessandro, attorneys).
CONSODINE, J.C.C. (temporarily assigned).
Plaintiff seeks divorce on the grounds of extreme cruelty, proving that defendant from the inception of the marriage insisted *535 that under his constant supervision she take contraceptive pills as a condition precedent to his engaging in marital relations. She acquiesced to his demand in the futile and short-lived hope of changing his mind. Our case law points to no authority on the factual specifics in relation to extreme cruelty as a ground of divorce.
An unjustified refusal of sexual intercourse persisted in willfully, obstinately, and continually for a period of two years constitutes desertion. Raymond v. Raymond, 79 A. 430 (Ch. 1909); Parmly v. Parmly, 90 N.J. Eq. 490 (Ch. 1919). And a total rejection of sexual intercourse constitutes grounds for a divorce predicated upon extreme cruelty. Melia v. Melia, 94 N.J. Super. 47 (Ch. Div. 1967).
The difference between the situations therein posed and the present case is that there was an absence of sexual intercourse in the former whereas here a synthetic sexual intercourse has been achieved but a primary purpose of marriage, progeny, has been unilaterally and completely thwarted and denied.
English case law is relevant to the issue under a definition of cruelty not dissimilar to ours of extreme cruelty. Friedman v. Friedman, 37 N.J. Super. 52 (App. Div. 1955). Forbes v. Forbes, 2 All. E.R. 311 (1955), held that if a wife by the use of contraceptives, deliberately and consistently refused to satisfy her husband's natural and legitimate craving to have children, he was entitled to a divorce where the conduct of defendant was "of such a character as to have caused damage to life, limb or health, bodily or mentally, or as to give rise to an unreasonable apprehension of such danger." (at p. 313).
See also White v. White, 2 All E.R. 151 (1948), coitus interruptus.
A few American jurisdictions have decided contrawise under disparate statutes and interpretations thereof. In the vast majority the subject matter is still undecided as a ground for divorce on extreme cruelty.
The proof herein warrants the entry of judgment nisi.